UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| YESH MUSIC, RICHARD CUPOLO, INDIVIDUALLY, and JOHN EMANUELE, INDIVIDUALLY | § § § § | |
| Plaintiffs, | § § | C.A. No. _____ |
| v. | § § § | JURY TRIAL DEMANDED |
| LAKEWOOD CHURCH, JOEL OSTEEN, INDIVIDUALLY, and VICTORIA OSTEEN, INDIVIDUALLY | § § § § § | |
| Defendants. | § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

COMES NOW YESH MUSIC, RICHARD CUPOLO, and JOHN EMANUELE (hereinafter "Plaintiffs" or "Yesh") filing this Original Complaint complaining of LAKEWOOD CHURCH, JOEL OSTEEN, INDIVIDUALLY, and VICTORIA OSTEEN, INDIVIDUALLY (hereinafter "Defendants"), and would respectfully show the Court as follows:

### A. PARTIES

1. Plaintiff YESH MUSIC is a general partnership registered in the State of New York. Plaintiff YESH MUSIC is, and at all times relevant to this lawsuit, principally located in Nassau County, New York.

2. Plaintiff RICHARD CUPOLO is a natural person residing in Nassau County, New York. Mr. Cupolo is a general partner of Yesh Music and co-author and performer of the music which is the subject matter of this lawsuit.

3. Plaintiff JOHN EMANUELE is a natural person residing in Nassau County, New York. Mr. Emanuele is a general partner of Yesh Music and co-author and performer of the music which is the subject matter of this lawsuit.

4. Defendant LAKEWOOD CHURCH is a non-profit corporation organized under the laws of the State of Texas, with its principal place of business located at 3700 Southwest Freeway, Houston, Texas 77027. Defendant may be served with process by serving its registered agent for service of process, Mr. Kevin L. Comes, 3700 Southwest Freeway, Houston, Texas 77027.

5. Defendant JOEL OSTEEN is a natural person and director of Lakewood Church, and may be served with process at his place of business located at 3700 Southwest Freeway, Houston, Texas 77027.

6. Defendant VICTORIA OSTEEN is a natural person and director of Lakewood Church, and may be served with process at her place of business located at 3700 Southwest Freeway, Houston, Texas 77027.

### B. JURISDICTION

7. The Court has jurisdiction over the lawsuit pursuant to United States Constitution Article 3, § 2, and 28 U.S.C. § 1331, because the case involves a federal question. Specifically, Plaintiff is alleging violations of United States Copyright Act. Furthermore, this Court has jurisdiction over the lawsuit pursuant to 28 U.S.C. § 1332(a) because the parties are of diverse citizenship and the amount in controversy exceeds $75,000.

### C. VENUE

8. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district.

### D.     NATURE OF THE ACTION

9. This is a civil action for direct copyright infringement on behalf of Plaintiffs, the creators, composers, producers, arrangers and/or copyright owners of the original musical composition and sound recording entitled, "Signaling Through the Flames" from their album entitled, "The Technicolor Sleep" (referred to herein as the "Composition") that is the subject matter of this Complaint against Joel Osteen, Victoria Osteen, Lakewood Church, its employees and agents, subsidiaries, parent companies, affiliates and/or holding companies.

10. Yesh is a general partnership, record label, and publishing company formed by founding members Richard Cupolo and John Emanuele in the Long Island, New York area. Cupolo and Emanuele work together as composers and perform under the name The American Dollar. Their musical styles mainly consist of meditative and inspirational instrumentals much like that of a dramatic motion picture soundtrack. Because Plaintiffs view their music as unique and marketable to media outlets seeking enhancement of their message through use of inspirational tracts, Plaintiffs have explored certain licensing opportunities for their music. Yesh is not affiliated with any religious groups or political organizations, and does not desire to have its music associated with Defendants. Instead, Yesh desires broad marketing of its music without compromising its artistic integrity or alienate its niche following.

11. In support of their national advertising campaign, Defendants featured the Composition as the key musical theme in several advertisements promoting the sale of Defendants DVD "Supernatural." In an effort to increase profits and revenue, Defendants knowingly, willfully, and intentionally: (1) acted to infringe Plaintiffs' copyrights and exclusive rights in and relating to the Composition; (2) distributed, used, commercialized, exploited the Composition without Plaintiffs' written authorization or consent; (3) induced and caused various

third parties, including television stations, to broadcast, perform, or otherwise exploit the Composition, and derivatives thereof, in Texas, throughout the United States, and in certain foreign countries without Plaintiffs' written authorization or consent; (4) unlawfully profited from the authorization distribution, use, commercialization, and other exploitation of the composition, and derivatives thereof; and (5) deprived Plaintiffs of substantial income directly and/or indirectly related to the Composition.

12. Defendants have infringed Plaintiffs' copyrights by using the Composition without authorization since, at the latest, March 2011. On information and belief, the infringement continued into July 2011, and is possibly ongoing.

13. Plaintiffs seek monetary damages for Defendants' infringement. Plaintiffs are the creators, composers, producers, arrangers, and copyright owners of the Composition at issue in this suit. Defendants directly infringed on Plaintiffs' copyrights, and exclusive rights, in and relating to the Composition in violation of 17 U.S.C. §§ 106, 115, and 501. Defendants induced, caused, and materially contributed to the infringement of Plaintiffs' copyrights, and exclusive rights, in and relating to the Composition. Defendants profited from the unauthorized distribution, use, commercialization, and other exploitation of the Composition, and derivatives thereof. Defendants deprived Plaintiffs of substantial income directly related to the Composition. Plaintiffs are entitled to the legal, equitable, and financial relief, as requested herein, to remedy Defendants' unlawful and infringing conduct.

### D.   STATEMENT OF FACTS

14. Plaintiffs obtained a Copyright Registration certificate for the Composition on November 1, 2006. A true and correct copy of the Copyright Registration certificate is attached hereto as **Exhibit A.**

15. Plaintiffs are the owners of the master recordings contained in the Composition.

16. Plaintiffs are the owners of all rights, title, and interest in and to the copyrights in the Composition.

17. On or about February 1, 2010, Plaintiffs' licensing agent, Dittybase, executed a limited licensing agreement authorizing Defendants use of the Composition solely on Defendants' website and certain venues for a term of one year ("Licensing Agreement").

18. The Licensing Agreement did not authorize use of Plaintiffs' music on television broadcasts.

19. The Licensing Agreement Dittybase executed with Defendants expired on February 1, 2011.

20. Defendants never paid a fee to renew the limited use Licensing Agreement.

21. Defendants continued using Plaintiffs' Composition on its websites after expiration of the Licensing Agreement, and without authorization from Plaintiffs or Dittybase.

22. On or about March 2011, Defendants began using the Composition in global television broadcasts of church services.

23. Thereafter, Defendants began using the Composition in television advertisements featuring Joel Osteen and Victoria Osteen marketing their DVD "Supernatural."

24. The Composition plays as theme music during the entire run time of the advertisement for "Supernatural."

25. The Composition is integrated into Defendants' marketing message and serves as a key device in the promotion of Defendants' products.

26. On information and belief, Defendants continue using the Composition in their advertisements for the "Supernatural" DVD.

27. On information and belief, Defendants have used and continue using the Composition in other advertisements.

28. Defendants intentionally, willfully, and knowingly distributed, used, commercialized, exploited and/or made derivative works of the Composition without obtaining valid certificates of authorship and/or copyright assignments from Plaintiffs or their licensing agent.

29. On information and belief, from March 2011 through the present day, Defendants knowingly, willfully, and intentionally caused various third parties, including but not limited to various television stations, to broadcast, perform, and otherwise exploit the Composition and derivatives thereof, in Texas, throughout the United States, and in certain foreign countries, even though Defendants knew it did not have Plaintiffs' written authorization to do so.

30. Defendants never made any royalty payments directly to Plaintiffs or to various performance collection societies on Plaintiffs' behalf, for publicly broadcasting, performing, and otherwise exploiting the Composition, and derivatives thereof.

31. On information and belief, the Composition contributed to the success of Defendants' DVD and other marketing campaigns for other products, and substantially increased revenues and profits for Defendants.

32. Plaintiffs now seek to recover for damages under the causes of action set forth below.

### E. COUNT ONE – DIRECT COPYRIGHT INFRINGEMENT

33. Plaintiffs hereby adopt by reference each and every paragraph of the Facts and allegations stated in this Original Complaint as if fully and completely set forth herein.

34. Defendants directly infringed on Plaintiffs' copyrights and exclusive rights, in and relating to the Composition under copyright law by distributing, using, commercializing, exploiting, and/or making derivatives of the Composition, without Plaintiffs' written authorization or consent, all in violation of Copyright Act, 17 U.S.C. §§ 106, 115, and 501.

35. On information and belief, Defendants never made any royalty payments to Plaintiffs, or to various performance collection societies on Plaintiffs' behalf, for publicly broadcasting, performing, or otherwise exploiting the Composition and/or derivatives thereof.

36. The foregoing acts of infringement by Defendants have been willful, intentional, and purposeful.

37. As a direct and proximate result of Defendants' copyright infringement, Plaintiffs have suffered and will continue to suffer severe injuries and damages and is entitled to its actual damages and Defendants' gross revenue or profits derived by Defendants that are attributable to Defendants' direct infringement of the Composition, pursuant to 17 U.S.C. § 504(b).

38. Plaintiffs' exact amount of actual damages and Defendants' gross revenue or profits will be established at trial, but are in no event less than $3,000,000.00 (THREE MILLION DOLLARS).

39. Alternatively, Plaintiffs may elect to be awarded, and, therefore are entitled to the maximum amount of statutory damages, to the extent permitted by law, pursuant to 17 U.S.C. § 504(c), with respect to each work infringed and each act of infringement.

40. Plaintiffs are further entitled to attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

### F.   COUNT TWO – CONTRIBUTORY COPYRIGHT INFRINGEMENT

41. Plaintiffs hereby adopt by reference each and every paragraph of the Facts and allegations stated in this Original Complaint as if fully and completely set forth herein.

42. On information and belief, Defendants willfully, knowingly, and intentionally induced, caused, encouraged, and/or assisted various third parties, including, but not limited to, various television stations to publicly broadcast, perform, and otherwise exploit the Composition, and/or derivatives thereof, even though Defendants knew, or should have known, that it did not have Plaintiffs' written authorization or consent to do so.

43. An infringement of Plaintiffs' rights in and to the Composition occurred each time a third party, as a result of Defendants' inducement, encouragement and/or assistance, reproduced, broadcasted, performed, or otherwise exploited the Composition or any derivatives thereof.

44. An infringement of Plaintiffs' rights in and to the Composition occurred each time a third party, as a result of Defendants' inducement, encouragement and/or assistance, made derivative work from the Composition.

45. On information and belief, Defendants, through their conduct, engaged in the business of knowingly inducing, causing, encouraging, assisting and/or materially contributing to the making of the derivative compositions from the Composition; thereby infringing Plaintiffs' copyrights and exclusive rights, in and relating to the Composition, under copyright law.

46. An infringement of Plaintiffs' rights in and to these compositions occurred each time a third party, including, but not limited to, various television stations publicly broadcast, performed, or otherwise exploited the Composition or any derivatives thereof.

47. The foregoing acts by Defendants have been willful, intentional, and purposeful.

48. As a direct and proximate result of the contributory infringement, Plaintiffs are entitled to actual damages and Defendants' gross revenue or profits derived by Defendants that are attributable to Defendants' direct infringement of the Composition, pursuant to 17 U.S.C. § 504(b).

49. Plaintiffs' exact amount of actual damages and Defendants' gross revenue or profits will be established at trial, but are in no event less than $3,000,000.00 (THREE MILLION DOLLARS).

50. Alternatively, Plaintiffs may elect to be awarded, and, therefore are entitled to the maximum amount of statutory damages, to the extent permitted by law, pursuant to 17 U.S.C. § 504(c), with respect to each work infringed and each act of infringement.

51. Plaintiffs are further entitled to attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

### G. JURY DEMAND

52. Plaintiffs demand a jury trial and tender the appropriate fee with this Original Complaint.

### PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs Yesh Music, Richard Cupolo, and John Emanuele pray to the Court for a judgment against Defendants Joel Osteen, Victoria Osteen, and Lakewood Church as follows:

    a. Awarding Plaintiffs actual and compensatory damages suffered as a result of Defendants' unlawful, illegal, and infringing conduct in an amount to be determined at trial, but in no event less than $3,000,000.00 (THREE MILLION DOLLARS);

b.      Awarding Plaintiffs any and all gross revenue or profits derived by Defendants that are attributable to Defendants' infringement of the Composition in an amount to be determined at trial, but in no event less than $3,000,000.00 (THREE MILLION DOLLARS);

c.      Awarding Plaintiffs, at their election and to the extent permitted by law, the maximum amount of statutory damages against Defendants for each work infringed and for each act of the infringement;

d.      Awarding Plaintiffs punitive and exemplary damages in an amount to be determined at trial;

e.      Awarding Plaintiffs prejudgment interest in an amount to be determined at trial;

f.      Awarding Plaintiffs reasonable attorneys' fees, costs, and expenses relating to this action; and

g.      Awarding such other and further relief to which Plaintiffs may show itself entitled.

Respectfully Submitted,

**HUGHES ELLZEY, LLP**

_/s/  W. Craft Hughes_
W. Craft Hughes
Attorney-in-charge
State Bar No. 24046123
Federal Bar No. 566470
E-Mail: craft@crafthugheslaw.com

Jarrett L. Ellzey
State Bar No. 24040864
Federal Bar No. 37369
E-Mail: jarrett@crafthugheslaw.com

**Hughes Ellzey, LLP**
Galleria Tower I
2700 Post Oak Blvd., Ste. 1120
Houston, TX 77056
Phone (713) 554-2377
Fax (888) 995-3335