IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| YESH MUSIC, RICHARD CUPOLO, INDIVIDUALLY, AND JOHN EMANUELE, INDIVIDUALLY | § § § § | CASE NO. 4:11-CV-03095 |
| PLANTIFFS, | § § § | |
| v. | § § | |
| LAKEWOOD CHURCH, JOEL OSTEEN, INDIVIDUALLY, and VICTORIA OSTEEN, INDIVIDUALLY | § § § § § | |
| DEFENDANTS. | § | |

---

### MOTION TO VACATE DISMISSAL

---

**To:   THE HONORABLE JUDGE KEITH P. ELLISON**

Plaintiffs Yesh Music, Richard Cupolo and John Emanuele hereby move the Court to vacate the dismissal without prejudice in this action pursuant to Fed. R. Civ. P. 60(b).  The notice of voluntary dismissal in a similar action filed in New York was entered by Plaintiffs only after a conference in this action in which an agreement among the parties to re-open this matter was reached.  In a conference held before the Court on April 20, 2012, the Court advised Plaintiffs that a motion pursuant to Rule 60, Fed. R. Civ. P. would be required to vacate the dismissal. Plaintiffs hereby so move the Court and respectfully request the voluntary dismissal of this action be vacated.

### Introduction

On February 20, 2012, Plaintiffs voluntarily dismissed this action without prejudice. (Docket No. 34).  Plaintiffs subsequently caused another case to be filed on similar facts but with

different parties, before the District Court for the Eastern District of New York.  On March 5, 2012, Defendants in the present action moved the Court for Attorneys' fees stemming from the dismissed action under the theory that Defendants had been victorious in the case. (Docket No. 35).  Plaintiffs opposed Defendants' motion for attorneys' fees and there was subsequent briefing from both sides on the issue. (See Docket Nos. 36, 38, and 41).  On April 2, 2012, the Court convened a conference with the Parties on Defendants' motion for attorneys' fees and costs.  At the April 2 conference, there was some resolution of Defendants' motion, but the interpretation of the proceedings of the conference led to different opinions as to how to proceed in the matter, thereby necessitating the present motion.

Plaintiffs took the agreement reached at the conference to mean that the case would proceed in Texas, and that the case in the Eastern District of New York would not proceed on any substantive basis.  In light of this agreement, Plaintiffs caused a Notice of Voluntary Dismissal to be filed in the New York case on April 4, 2012. (EDNY, Docket No. 13). Defendants wrote to the Court on April 5, 2012, advising the Court that Defendants' believed there was presently no case pending in either Texas or New York, and this Court lacked jurisdiction to reinstate or re-open the case.  Plaintiffs, faced with Defendants' view of the April 2, 2012 conference before the Court, immediately filed a motion to withdraw, or alternatively, to hold entry of the dismissal in the Eastern District of New York, until such time as this Court could address the status of the case. (EDNY Docket No. 15).  Plaintiffs sent a copy of this motion to the Court by letter dated April 6, 2012.  Plaintiffs also requested a conference on this matter to clarify the issues in the matter.

The Court convened a conference on April 20, 2012, in which it was discussed that Plaintiffs should move the Court pursuant to Rule 60(b), Fed. R. Civ. P. to vacate the dismissal in this action.

## Argument

### I.   LEGAL STANDARD

"A trial court enjoys a large measure of discretion in deciding whether to grant or deny a 60(b) motion." *Randall v. Merrill Lynch*, 820 F.2d 1317, 1320 (D.C. Cir. 1987)(citing 7 J. Moore & J. Lucas, MOORE'S FEDERAL PRACTICE para. 60.19 (2d ed. 1985)(also citing 11 C. Wright & A. Miller, FEDERAL PRACTICE PROCEDURE: CIVIL § 2857 (1973)).  "Section [60](b)(6)'s 'any other reason' language refers to any reason other than those contained in the five enumerated grounds on which a court may grant a Rule 60(b) motion." *Gov't Fin. Servs. One Ltd. v. Peyton Place*, 62 F.3d 767, 773 (5th Cir. 1995)(citing *Klaprott v. United States*, 335 U.S. 601, 614-615, 69 S. Ct. 384, 390, 93 L. Ed. 266 (1949); *Wilson v. Johns-Manville Sales Corp.*, 873 F.2d 869, 872 (5th Cir.), cert. denied, 493 U.S. 977, 110 S. Ct. 504, 107 L. Ed. 2d 506 (1989)).  "Rule 60(b)(6) 'is a grand reservoir of equitable power to do justice in a particular case when relief is not warranted by the preceding clauses.'" *Id.* at 773-774 (quoting *Harrell v. DCS Equip. Leasing Corp.*, 951 F.2d 1453, 1458 (5th Cir.1992).  "The discretion under 60(b)(6) is said to be especially broad because relief may be granted under it when appropriate to accomplish justice". *Harrell v. DCS Equip. Leasing Corp.*, 951 F.2d at 1453.

### II.   THE COURT SHOULD VACATE THE DISMISSAL IN THIS CASE

#### A.   The Court Should Vacate the February 20, 2012 Voluntary Dismissal

During the April 2, 2012 conference in this matter, Plaintiffs understood that the Parties reached an agreement that would permit the present action to proceed only in the Southern

District of Texas and that the New York court would address the matter of attorneys' fees only. An excerpt from the April 2, 2012 conference confirms this agreement by Defendants.

```
5          THE COURT:  Okay.  Then what have we agreed to here?
6   We've agreed that the individual claimants will remain as
7   plaintiffs.  We've agreed that the case will proceed here and
8   not in New York.  And we agree that the judge in New York will
9   make whatever ruling he feels appropriate on the issue of
10  attorney's fees and costs.  Is everybody okay with that?
11         MR. FASTHOFF:  I am, Your Honor.
```

Based on this understanding, Plaintiffs reasonably presumed that the case in New York should not proceed for any substantive purpose and should therefore be dismissed. Defendants seized upon this dismissal and set forth a new theory in their April 5, 2012 correspondence to the Court and continued in their purported motion for attorneys' fees filed today that Plaintiffs were no longer permitted to bring any action in any court because Plaintiffs had voluntarily dismissed the case in New York. (Docket 53). The dismissal in New York was only effected based on the affirmative conduct and agreement of counsel for Defendants that the case in Texas would go forward, as is clear from the record of the April 2, 2012 conference on these issues. It would work a manifest injustice upon Plaintiffs to permit Defendants to affirmatively agree that the case would proceed in Texas and then to claim three days later that it should not. Plaintiffs submit that such results are the very kind meant to be prevented by the savings clause of Rule 60(b)(6) and that the dismissal of this action should therefore be vacated.

**B.    Vacating the Dismissal Works No Prejudice Against Defendants**

"Rule 41(a)(1) grants a plaintiff the right to dismiss 'an action' at an early stage of the proceedings voluntarily, without prejudice, and without consent of the court." *Exxon Corp. v.*

*Maryland Casualty Co.*, 599 F.2d 659, 661 (5th Cir. 1979)(citing 9 C. Wright & A. Miller, FEDERAL PRACTICE & PROCEDURE: CIVIL § 2363 at 151-52 (1971)); *see also Hines v. Graham*, 320 F. Supp. 2d 511, 524 (N.D. Tex. 2004).  The Fifth Circuit has explained that "motions for voluntary dismissal should be freely granted unless the non-moving party will suffer some plain legal prejudice *other than the mere prospect of a second lawsuit.*" *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002)(emphasis supplied); *see also Hines v. Graham*, 320 F. Supp. 2d at 524 (citing *Elbaor* for the same proposition).  As the Fifth Circuit found in *Elbaor*, the possibility of subsequent litigation is an entirely plausible occurrence between a plaintiff filing a voluntary dismissal and a defendant in an action.

The dismissal filed by Plaintiffs in this action was without prejudice and was filed prior to Defendants ever having to file an answer or a motion for summary judgment, so the principle embodied in Rule 41(a)(1) is met – Defendants are not suffering any prejudice and should expect that litigation in this matter was entirely possible as the dismissal was without prejudice.  Indeed, counsel for Defendants conceded in the April 20, 2012 conference that virtually all of the legal work undertaken and expenses incurred thus far in the action by Defendants would remain useful should this action proceed.  Therefore, in addition to the Court's wide discretion to grant the requested relief under Rule 60(b), there is no prejudice to Plaintiffs caused by vacating the dismissal of this action.

## Conclusion

For the reasons set forth herein, Plaintiffs respectfully request that the Notice of Voluntary Dismissal be vacated and that the case proceed in accordance with the Court's orders.

Respectfully submitted,

GARBARINI FITZGERALD P.C.


By:_____/s/Thomas J. FitzGerald_____
    Richard M. Garbarini (Admitted *Pro Hac Vice*)
    rgarbarini@garbarinilaw.com
    Thomas J. FitzGerald (Admitted *Pro Hac Vice*)
    tfitzgerald@garbarinilaw.com
    420 Lexington Avenue
    Suite 2743
    New York, New York 10170
    Phone: (212) 300-5358
    Fax:    (888) 265-7054

    *ATTORNEYS FOR YESH MUSIC, RICH CUPOLO,
    AND JOHN EMANUELE*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on April 27, 2012, the above document was served on all counsel of record and parties pursuant to the Federal Rules of Civil Procedure via the Court's ECF filing system.

      /s/Thomas J. FitzGerald     
Thomas FitzGerald
