UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| YESH MUSIC, RICHARD CUPOLO, INDIVIDUALLY, and JOHN EMANUELE, INDIVIDUALLY, | § § § § | |
| Plaintiffs, | § § | |
| V. | § § | Case No. 4:11-CV-03095 |
| LAKEWOOD CHURCH, JOEL OSTEEN, INDIVIDUALLY, and VICTORIA OSTEEN, INDIVIDUALLY, | § § § § § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Before the Court is Plaintiffs' Motion to Vacate Dismissal ("Motion"). (Doc. No. 54.) After considering the Motion, all responses and replies thereto, and the applicable law, the Court concludes that the Motion must be **GRANTED.**

### I. BACKGROUND

This case arises out of a copyright dispute between Plaintiffs and Defendants. The Court has extensively outlined the facts in its prior Memorandum and Order (Doc. No. 33), and will not repeat them here. For purposes of evaluating this Motion, however, the Court must review the procedural history of this case. Shortly after the Court issued its April 14, 2012 Memorandum and Order granting in part and denying in part Defendants' Motion to Dismiss (Doc. No. 15), Plaintiffs filed a Notice of Voluntary Dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i). (Doc. No. 34.) The next day, Plaintiffs filed a nearly identical case against Defendants in the District Court for the Eastern District of New York (the "New York court"), *Yesh Music, LLC v. Lakewood Church*, Case No. 2-CV-849 (the "New York Action"). (Doc. No. 38-2.) After the

1

New York Action was filed, Defendants sent a letter to Judge Vitaliano of the New York court, requesting a conference with respect to its intended motion: (i) to dismiss the action under Fed. R. Civ. P. 12(b)(6) for lack of standing; and, (ii) if not dismissed, to award Defendants their costs and attorneys' fees incurred in the Texas action and to stay the New York action pending payment of those costs and fees, pursuant to Fed. R. Civ. P. 41(d); and (iii) upon compliance with the Court's Order for payment of costs and fees, and the lifting of the stay, to transfer the action back to the Southern District of Texas pursuant to Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. § 1404(a).

Defendants also filed a Motion for Costs and Attorney's Fees Under 17 U.S.C. § 505 and Rule 54(d) in this Court. (Doc. No. 35.) The Court held a hearing on April 2, 2012, at which it denied the Motion for Attorneys' Fees. At the hearing, the parties decided that the case would proceed in this Court, rather than in the New York court, with the caveat that Judge Vitaliano would rule on the Motion for Attorneys' Fees pending in the New York Action.[1]

---

[1] Specifically, the parties stated as follows:

> The Court: …. Then what have we agreed to here? We've agreed that the individual claimants will remain as plaintiffs. We've agreed that the case will proceed here and not in New York. And we agree that the judge in New York will make whatever ruling he feels appropriate on the issue of attorney's fees and costs. Is everybody okay with that?
>
> Defendants' Counsel: I am, your Honor.
>
> Plaintiffs' Counsel: And with the one addition, that we will be able to file an amended complaint when we go back down there?
>
> The Court: Yes, you're able to file an amended complaint, yes.
>
> Plaintiffs' Counsel: Excellent.
>
> The Court: Okay. With everybody signed off on that, that's what we'll do.

(Doc. No. 57-1, Transp. of April 2, 2012 Mot. Hearing at 10:5-15.)

In a letter written to Judge Vitaliano on the same day, Plaintiffs described the agreement between the parties as follows: "(i) Judge Ellison will restore the Texas action to the calendar; (ii) Plaintiff in the EDNY action (Yesh Music, LLC) will be included in the Texas Action and the allegations contained in the EDNY Complaint will be included, along with other allegations, in an Amended Complaint in Texas; (iii) The parties will, of course, bear their own fees in the Texas Action; and (iv) Plaintiff will dismiss or seek to transfer the EDNY action to the S.D.Tx." In the letter, Plaintiffs sought guidance from the New York court as to whether they should voluntarily dismiss the matter pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i). Defendants wrote an April 4 letter to Judge Vitaliano submitting that any transfer of the case to Texas should be made contingent upon the payment of Defendants' costs and fees incurred in the prior action. Additionally, Defendants emphasized that they did not agree at the hearing "to bear their own fees in the Texas Action"—rather, Defendants emphasized, this Court deferred to Judge Vitaliano as to resolution of fees and costs pursuant to Rule 41(d).

Shortly after Defendants filed their letter, and before receiving guidance from Judge Vitaliano on the correct procedure for proceeding before this Court, Plaintiffs voluntarily dismissed the New York Action pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i). On April 5, Defendants wrote a letter to this Court accusing Plaintiffs of dismissing the New York Action in order to prevent Judge Vitaliano from awarding attorneys' fees. Defendants asserted that this Court is without jurisdiction to entertain further proceedings in the matter, and also pointed out that Plaintiffs' dismissal of the New York Action—as it was Plaintiffs' second voluntary dismissal—was with prejudice. At a Status Conference, this Court advised Plaintiffs that their only hope for "reinstating" the case in this Court, given the procedural posture, would be to file a Rule 60(b) motion. The Court ordered Plaintiffs to file any such motion within seven days;

additionally, the Court granted Defendants seven days in which to move for attorneys' fees incurred because of the New York Action.

In the instant Motion, Plaintiffs urge the Court to vacate Plaintiffs' February 20 voluntary dismissal. (Doc. No. 54, Mot. Vacate at 3.) Plaintiffs explain that, based on the agreement reached at the April 2 hearing, Plaintiffs reasonably presumed that the New York Action should not proceed for any substantive purpose and should therefore be dismissed. (*Id.* at 4.) According to Plaintiffs, "Defendants seized upon this dismissal and set forth a new theory in their April 5, 2012 correspondence to the Court and continued in their purported motion for attorneys' fees filed today that Plaintiffs were no longer permitted to bring any action in any court because Plaintiffs had voluntarily dismissed the case in New York." (*Id.*) It would be a manifest injustice, Plaintiffs insist, to permit Defendants to affirmatively agree that the case may proceed in Texas, only to thereafter bar it from being reinstated here. (*Id.*) Additionally, Plaintiffs assert, Defendants would not be prejudiced if the voluntary dismissal were vacated. (*Id.* at 5.)

In their Response, Defendants insist that the voluntary notice of dismissal filed with this Court was not a "final judgment, order or proceeding"; consequently, Defendants contend, this Court is without jurisdiction to consider Plaintiffs' Rule 60(b) Motion. (Doc. No. 57, Resp. to Mot. Vacate ¶ 11.) Defendants accuse Plaintiffs of voluntarily dismissing the New York Action in order to dodge a potentially adverse ruling on attorneys' fees. (*Id.* ¶ 15.) According to Defendants, Plaintiffs' choice to voluntarily dismiss twice—thus causing the case to be dismissed with prejudice—does not qualify as a mistake under Rule 60(b)(1) because the consequences of dismissing a case twice are stated in Rule 41(a)(1)(B) itself. (*Id.*) Relief is also not available under Rule 60(b)(6), Defendants aver, because Plaintiffs' deliberate, voluntary actions are solely responsible for the present results. (*Id.* ¶ 16.) Accordingly, Defendants submit

that granting relief pursuant to Rule 60(b)(6) would be an abuse of this Court's discretion. (*Id.*) Plaintiffs filed a Reply in which they emphasize that they are not proceeding pursuant to Rule 60(b)(1); rather, Plaintiffs contend that they seek relief pursuant to Rule 60(b)(6). (Doc. No. 58, Reply to Resp. to Mot. Vacate at 3.)

**II. LEGAL STANDARD**

Parties may seek relief from a final judgment, order, or proceeding under Federal Rule of Civil Procedure 60(b) for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(1)-(6). Only the last of these grounds—"any other reason that justifies relief"—applies in this case. "Section (b)(6)'s 'any other reason' language refers to any reason other than those contained in the five enumerated grounds on which a court may grant a Rule 60(b) motion." *Gov't Fin. Servs. One Ltd. v. Peyton Place*, 62 F.3d 767, 773 (5th Cir. 1995) (citing *Klapprott v. U.S.*, 335 U.S. 601, 614-15, 69 S.Ct. 384, 390, 93 L.Ed. 266 (1949); *Wilson v. Johns-Manville Sales Corp.*, 873 F.2d 869, 972 (5th Cir.), *cert. denied*, 493 U.S. 977, 110 S.Ct. 504, 107 L.Ed.2d 506 (1989)). "'Rule 60(b)(6) is a grand reservoir of equitable power to do

justice in a particular case when relief is not warranted by the preceding clauses. The broad language of clause (6) gives the courts ample power to vacate judgments whenever such action is appropriate to accomplish justice.'" *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 642 (5th Cir. 2005) (quoting *Harrell v. DCS Equip. Leasing Corp.*, 951 F.2d 1353, 1458 (5th Cir. 1992)). However, "[r]elief under Rule 60(b)(6) will be granted only if extraordinary circumstances are present." *Bailey v. Ryan Stevedoring Co., Inc.*, 894 F.2d 157, 160 (5th Cir. 1990) (citing *Ackermann v. U.S.*, 340 U.S. 193, 71 S.Ct. 209, 95 L.Ed. 207 (1950)).

### III. ANALYSIS

"Under Fed. R. Civ. P. 41(a), the voluntary dismissal of an action completely terminates the litigation, without further order by the district court." *Perkins v. Johnson*, 118 Fed.Appx. 824, 825 (5th Cir. 2004) (citing *Long v. Bd. of Pardons and Paroles of Tex.*, 725 F.2d 306, 306 (5th Cir. 1984)). "'A voluntary dismissal without prejudice leaves the situation as if the action had never been filed. After a dismissal the action is no longer pending in the court and no further proceedings in the action are proper.'" *Id.* (quoting *Long*, 725 F.2d at 306). Thus, "[a] suit that is voluntarily dismissed under Rule 41(a) generally is treated as if it had never been filed." *Nelson v. Napolitano*, 657 F.3d 586, 587-88 (7th Cir. 2011) (citing *Smith v. Potter*, 513 F.3d 781, 783 (7th Cir. 2008); *Beck v. Caterpillar, Inc.*, 50 F.3d 405, 407 (7th Cir. 1995)). However, courts retain jurisdiction to consider collateral issues, including imposing sanctions or adjudicating a criminal contempt charge. *Id.* at 588.

Similarly, courts have held that they have jurisdiction to consider whether to grant Rule 60(b) relief from a party's Rule 41 voluntary dismissal. For example, the Seventh Circuit explained, in response to a party's request for relief from a voluntary dismissal without prejudice, "that there may be instances where a district court may grant relief under Rule 60(b) to

a plaintiff who has voluntarily dismissed the action." *Id.* at 589. Likewise, the Tenth Circuit—although in the context of a voluntary dismissal *with* prejudice—"embrace[d] the proposition that a plaintiff who has dismissed his claim by filing notice under Rule 41(a)(1)(A)(i) may move before the district court to vacate the notice on any of the grounds specified in Rule 60(b)." *Schmier v. McDonald's LLC*, 569 F.3d 1240, 1243 (10th Cir. 2009) (quotations and citations omitted). Consistent with this case law, the Court concludes that Plaintiffs may seek Rule 60(b) relief from their voluntary dismissal without prejudice. *See also Park v. TD Ameritrade Trust Co., Inc.*, No. 10–cv–00188–PAB–BNB, 2010 WL 4004659, at *1 (D. Colo. Sept. 13, 2010) (explaining that a voluntary dismissal without prejudice "ends the action and terminates federal jurisdiction except for the limited purpose of reopening the case under Rule 60(b)" (citing *Smith v. Phillips*, 881 F.2d 902, 904 (10th Cir. 1989))); *Sinclair v. City of Sacramento*, No. C–07–5668 EMC, 2009 WL 2905538, at *1 (N.D. Cal. Sept. 4, 2009) (construing request to reopen voluntary dismissal without prejudice as a Rule 60(b) motion); *Bell v. Hadley*, No. 04-0263-WS-D, 2006 WL 572329, at *1 (S.D. Ala. March 7, 2006) (same).

As Defendants point out, however, "[p]erhaps the most salient example of behavior that cannot constitute grounds for Rule 60(b) relief is the purposeful litigation decision of a party." *Am. Lifeguard Assoc., Inc. v. Am. Red Cross*, Nos. 92-2400, 92-2527, 93-1224, 1994 U.S. App. LEXIS 8430, at *5-6 (4th Cir. March 9, 1994). For example, in *Am. Lifeguard Assoc.*, the Fourth Circuit determined that it could not relieve the plaintiff "from its affirmative decision made during the course of litigation" to voluntarily dismiss two cases in order to avoid adverse rulings. *Id.* at *6. The Fourth Circuit explained: "Rule 60(b) is intended to protect parties neither from their lawyers' own negligence, nor from the undesirable results that flow from a poorly chosen litigation strategy." *Id.* at *6-7 (citations omitted). Thus, "[e]ssentially, where the notice of

7

dismissal is a 'deliberate, strategic choice' and not the result of mistake or excusable neglect, it should not be undone via Rule 60(b)." *Thomas v. Ramapo College of New Jersey*, No. 10–3898, 2011 WL 3206448, at *3 (D.N.J. July 27, 2011). Indeed, "[c]ourts 'have not looked favorably on the entreaties of parties trying to escape the consequences of their own counseled and knowledgeable decisions.'" *Id.* (quoting *Coltec Indus., Inc. v. Hobgood*, 280 F.3d 262, 273 (3d Cir. 2002)). *See also Nelson v. Chertoff*, No. 07–CV–2991, 2010 WL 1856192, at *3 (N.D. Ill. May 10, 2010) ("A voluntary, affirmative, tactical decision does not rise to the level of mistake, inadvertence, surprise, or excusable neglect warranting relief under Rule 60(b)(1), nor does it justify relief under Rule 60(b)(6)."); *Eskridge*, 577 F.3d 806, 810 (7th Cir. 2009) (finding that "counsel's incorrect assessment of the consequences of [voluntarily dismissing the lawsuit] did not compel relief under Rule 60(b)"); *In re Pettle*, 410 F.3d 189, 193 (5th Cir. 2005) (explaining that "[w]here a party makes a considered choice [to dismiss his case] … he cannot be relieved of such a choice [under Rule 60(b)] because hindsight seems to indicate to him that, as it turns out his decision was probably wrong" (quotations and citation omitted)).

Nevertheless, the circumstances of this case warrant utilization of this Court's reservoir of equitable power under Rule 60(b)(6). Plaintiffs operated with the understanding that this case would proceed in the Southern District of Texas. Surely, Plaintiffs' choice to dismiss the original lawsuit was voluntary, affirmative, and tactical. Plaintiffs' dilemma is unique, however, in that the parties concluded that the action would proceed in Texas, albeit without determining the precise procedural mechanism for doing so. As the parties had come to this agreement, it is appropriate to vacate the voluntary dismissal pursuant to Rule 60(b)(6), as failing to do so would cause a manifest injustice.

Unfortunately, in what appears to be an attempt to dodge an award of attorneys' fees, Plaintiffs voluntarily dismissed the New York Action without consulting either court on the correct procedure for proceeding with this case in the Southern District of Texas. In so doing, Plaintiffs failed to hold up their part of the bargain with Defendants: specifically, to permit the New York court to rule on the issue of attorneys' fees. Plaintiffs' tactics, however, can be properly addressed by granting attorneys' fees to Defendants for the efforts they expended in defending themselves in the New York Action.

The Court asks that the parties and counsel confer and reach an agreement on an appropriate award of attorneys' fees. If an agreement cannot be reached, an evidentiary hearing will be set.

### IV. CONCLUSION

For the reasons explained above, Plaintiffs' Motion (Doc. No. 54) is **GRANTED.**

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas on this the 27th day of June, 2012.

*[signature: Keith P. Ellison]*

**KEITH P. ELLISON**
**US DISTRICT COURT JUDGE**