# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

# F I L E D

August 14, 2013

Lyle W. Cayce
Clerk

No. 12-20520

United States Courts
Southern District of Texas
FILED

OCT 1 8 2013

David J. Bradley. Clerk of Court

YESH MUSIC, RICHARD CUPOLO, & JOHN EMANUELE,

Plaintiffs-Appellees

v.

LAKEWOOD CHURCH, JOEL OSTEEN & VICTORIA OSTEEN,

Defendants-Appellants

Appeal from the United States District Court
for the Southern District of Texas

Before JOLLY, DAVIS, and PRADO, Circuit Judges.

W. EUGENE DAVIS, Circuit Judge:

Plaintiff-Appellee filed a copyright infringement complaint against Defendant-Appellant, which it later voluntarily dismissed without prejudice. Plaintiff-Appellee subsequently filed a motion to vacate its voluntary dismissal under Rule 60(b), which the district court granted. Because we find that a voluntary dismissal without prejudice is a "final proceeding" under Rule 60(b) and the district court did not abuse its discretion in dismissing this case, we AFFIRM.

No. 12-20520

## I.

Plaintiff-Appellee Yesh Music is a general partnership comprised of Appellees Richard Cupolo and John Emanuele, two musicians who write, record, and perform ambient music. Defendant-Appellant Lakewood Church ("Lakewood"), pastored by Joel and Victoria Osteen, is a Houston-based non-denominational church and one of the largest churches in the United States. In February 2010, Yesh Music granted Lakewood a limited license to use a song entitled "Signaling Through the Flames" ("the Track") in connection with various marketing media.

When Lakewood used the Track in a televised promotional broadcast, Yesh Music asserted that the limited license did not permit use of the Track on television and that in any case, the term of the license had expired. Unable to resolve their dispute, Yesh Music filed a copyright infringement suit against Lakewood in the district court in August 2011. On February 20, 2012, Yesh Music voluntarily dismissed the suit under Federal Rule of Civil Procedure 41(a)(1)(A)(i).

The next day, Yesh Music re-filed the same suit against Lakewood in New York federal court. In response, Lakewood asked the New York court to stay the action so that Lakewood could seek reimbursement of expenses incurred in the Texas action. In a hearing on its motion for costs in Texas district court, Yesh Music indicated that it had re-filed the action in New York in part because it wished to substitute a newly-formed Yesh Music LLC as the party in interest. In response, Lakewood asserted that Yesh Music's actions were mere legal posturing and that a New York venue would be burdensome on the parties. After voicing their respective concerns, the parties stipulated on the record before the Texas court as follows:

> THE COURT: Okay. Then what have we agreed to here? We've agreed that the individual claimants will remain as plaintiffs. We've

No. 12-20520

agreed that the case will proceed here and not in New York. . . . Is everybody okay with that?

[Parties agree]

On April 4, 2012, Yesh Music voluntarily dismissed its New York suit, again under Federal Rule 41(a)(1)(A)(i).

Under Rule 41(a)(1)(B), the two successive voluntary dismissals of the lawsuit had the effect of rendering the second dismissal as one with prejudice. As a result, to reinstate its claim in the Texas district court, Yesh Music filed a motion for relief from a final judgment under Federal Rule 60(b). Specifically, the motion requested that the court vacate Yesh Music's first voluntary dismissal and reinstate Yesh Music's original Texas lawsuit. However, Lakewood contested the motion, contending that Rule 60(b) only provides for relief from *final* judgments, and that an initial voluntary dismissal under Rule 41(a) is not a final judgment. Accordingly, Lakewood argued, the Texas district court did not have subject matter jurisdiction and could not vacate Yesh Music's first dismissal. Regardless, Lakewood argued that even if the district court could vacate the first dismissal, it would be an abuse of discretion to do so.

In its corresponding order, the district court rejected both of Lakewood's arguments. Recognizing the broad equitable power granted to district courts under Rule 60(b), it determined that district courts retain jurisdiction to vacate voluntary dismissals without prejudice. Moreover, because the parties had agreed to dismiss the New York action and reinstate the Texas action, the court found it would be unjust to deny Yesh Music's motion. Lakewood now appeals.

II.

We review a district court's grant of a Rule 60(b) motion for abuse of discretion. *Frazar v. Ladd*, 457 F.3d 432, 435 (5th Cir. 2006). However, we review de novo any questions of law underlying the district court's decision. *Id.*

No. 12-20520

## III.

### A.

Lakewood's primary argument on appeal is that the district court lacked jurisdiction to vacate Yesh Music's voluntary dismissal without prejudice.

In reinstating Yesh Music's claim, the district court purported to grant relief from a judgment under Rule 60(b)(6). Rule 60(b) provides, in relevant part:

> On motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons:
> . . . .
> (6) any other reason that justifies relief.

Specifically, the "final judgment, order, or proceeding" that the district court vacated in the instant case was Yesh Music's Rule 41 voluntary dismissal. Under Rule 41(a)(1)(A),

> [T]he plaintiff may dismiss an action without a court order by filing:
>
> (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or
>
> (ii) a stipulation of dismissal signed by all parties who have appeared.

Rule 41(a)(1) "on its face grants a plaintiff an unconditional right to dismiss his complaint by notice and without order of the court at any time prior to the defendant's service of an answer or motion for summary judgment." *Pilot Freight Carriers, Inc. v. Int'l Bhd. of Teamsters*, 506 F.2d 914, 915 (5th Cir. 1975). Moreover, the first time a plaintiff voluntary dismisses his claim, it is *without prejudice. See* Rule 41(a)(1)(B). "[T]he effect of a Rule 41(a)(1) dismissal is to put the plaintiff in a legal position as if he had never brought the first suit. The plaintiff suffers no impairment beyond his fee for filing. Stated differently, the plaintiff is free to return to the dismissing court or other courts at a later date

No. 12-20520

with the same claim." *Harvey Specialty & Supply, Inc. v. Anson Flowline Equip. Inc.*, 434 F.3d 320, 324 (5th Cir. 2005).[1] Relying on this reasoning, Lakewood argues that a Rule 41(a)(1)(a)(i) voluntary dismissal without prejudice is not a "final judgment, order, or proceeding"; and because Rule 60(b) only empowers a district court to vacate *final* dispositions, the district court is without jurisdiction to vacate a Rule 41(a)(1)(A)(i) voluntary dismissal without prejudice.

When interpreting Rules 41(a)(1) and 60(b), we are to "'give the Federal Rules of Civil Procedure their plain meaning.' As with a statute, our inquiry is complete if we find the text of the Rule[s] to be clear and unambiguous."[2] We need look no further than the text of Rule 60(b), Lakewood contends, because it only permits vacatur of a "final judgment, order, or proceeding;" moreover, Rule 41(a)(1)(B) deems first voluntary dismissals to be without prejudice. However, reading these rules together does not necessarily lead to Lakewood's proffered conclusion. What the rules do not indicate and what we must determine is whether a voluntary dismissal *without prejudice* can be a "*final* judgment, order, or proceeding" within the meaning of Rule 60(b).

To provide this missing link, Lakewood relies on our decision in *Harvey Specialty & Supply v. Anson*. 434 F.3d 320. In that case, the court considered whether a Rule 41(a)(1) voluntary dismissal without prejudice was a "final judgment" for purposes of collateral estoppel.[3] *Id.* at 323–24. Recognizing that a plaintiff has an "absolute right" to a first voluntary dismissal and is free to

---

[1] (internal citations, brackets, and quotes omitted).

[2] *Business Guides, Inc. v. Chromatic Communications Enterprises, Inc.*, 498 U.S. 533, 540–41 (1991) (quoting *Pavelic & LeFlore v. Marvel Entertainment Group*, 493 U.S. 120, 123 (1989)).

[3] To be clear, the *Harvey* court was actually concerned with the relitigation exception to the Anti-Injunction Act, which permits a federal court to enjoin state court proceedings where necessary to protect or effectuate the federal court's judgments. *Id.* at 323. However, as the court recognized, collateral estoppel principles are relevant because it is on those principles that the relitigation exception is founded. *Id.*

No. 12-20520

return to court with the same claim, the court concluded that "[u]ltimately, a Rule 41(a)(1) dismissal is not a 'final judgment.'" *Id.* at 324.

However, the question before the *Harvey* court—whether a voluntary dismissal without prejudice deserves preclusive effect—is a fundamentally different question than the question before us—whether a voluntary dismissal without prejudice is a "final judgment, order, or proceeding" subject to vacatur. Specifically, the requirement that a disposition be final does not necessarily mandate that it have been irrevocably judicially resolved.[4] Unlike the technical interpretation offered by Lakewood, a plain reading of "final" supports defining it as something which is practically "finished," "closed," or "completed." *See Gillespie v. U.S. Steel Corp.*, 379 U.S. 148, 152 (1964) ("[T]he requirement of finality is to be given a 'practical rather than a technical construction.'"). Unless a plaintiff acts to re-file her claim in the future, a Rule 41(a)(1)(A) voluntary dismissal terminates, closes, and ends her cause of action, and it can rightly be considered "final."[5]

That determination does not end our inquiry, however, as we must also determine whether a voluntary dismissal without prejudice is a "judgment, order, or proceeding." While judgments and orders might imply the involvement of a judicial action, a "proceeding" does not necessarily require any such action. Rather, "[t]he term 'proceeding' is indeterminate," and may be used to describe

---

[4] *See Bell v. New Jersey*, 461 U.S. 773, 779 (1983) (finding that for purposes of appealability, the possibility of further judicial involvement does not necessarily mean an order is not final).

[5] *See Devino v. Duncan*, 215 F. Supp. 2d 414, 417 (S.D.N.Y. 2002) ("'Although a voluntary dismissal without prejudice . . . does not have preclusive effect on later claims, such a dismissal is a final judgment in the sense that it ends the pending action.'") (citation omitted).

No. 12-20520

the entire course of a cause of action or any act or step taken in the cause by either party. *See Reid v. Angelone*, 369 F.3d 363, 368 (4th Cir. 2004).[6]

Although we have not previously considered the question, the weight of the caselaw from other circuits supports the conclusion that a dismissal without prejudice can be considered a final proceeding. In *Williams v. Frey*, 551 F.2d 932, 934–35 (3d Cir. 1977),[7] the Third Circuit was faced with the same question presented by the instant case. Upholding the district court's grant of Rule 60(b) relief from a Rule 41(a)(1) voluntary dismissal, the Third Circuit explained: "[Rule] 60(b) speaks of relief from a final 'proceeding' as well as a final 'judgment' or 'order'. The dismissal of the suit was, in our view, a proceeding, and it was clearly final. In sum, the court had the power to reopen the dismissed suit."

In *Nelson v. Napolitano*, the Seventh Circuit also considered the same question. 657 F.3d 586, 589 (7th Cir. 2011). The *Nelson* court reasoned that although a voluntary dismissal generally leaves the parties in the same position as if the suit had never been brought, that generalization has limits. *Id.* at 588–89. For instance, it is well-settled that certain related and ancillary matters remain subject to the court's jurisdiction despite the plaintiff's dismissal. *Id.*[8] The Seventh Circuit then concluded that Rule 60(b) vacaturs are also within the realm of powers retained by a district court following a voluntary dismissal: "We agree that there may be instances where a district court may grant relief under rule 60(b) to a plaintiff who has voluntarily dismissed the action." *Id.* at 589.

---

[6] citing BLACK'S LAW DICTIONARY 1204 (6th ed. 1990); BLACK'S LAW DICTIONARY 1221 (7th ed. 1999) (defining "proceeding" alternatively as "[a]n act or step that is part of a larger action"); *accord* OXFORD ENGLISH DICTIONARY.

[7] *abrogated in part on other grounds by Torres v. Oakland Scavenger Co.*, 487 U.S. 312 (1988).

[8] *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395–96 (1990) (holding that Rule 41(a)(1) dismissal does not divest court of jurisdiction to adjudicate matters such as court costs, attorney's fees, contempt charges, and Rule 11 sanctions).

No. 12-20520

Without distinguishing between voluntary dismissals with and without prejudice, the Ninth Circuit and Tenth Circuit have also broadly found that a voluntary dismissal "is a judgment, order, or proceeding from which Rule 60(b) relief can be granted." *In re Hunter*, 66 F.3d 1002, 1004–05 (9th Cir. 1995); *see also Smith v. Phillips*, 881 F.2d 902, 904 (10th Cir. 1989) ("'[a]n unconditional dismissal terminates federal jurisdiction except for the limited purpose of reopening and setting aside the judgment of dismissal within the scope allowed by [Fed.R.Civ.P.] 60(b).'" (citation omitted)).[9]

In addition, the Fourth Circuit, Sixth Circuit, and Supreme Court have all found that when a claim is voluntarily dismissed pursuant to a Rule 41(a)(1)(A)(*ii*) stipulated dismissal, the court retains the ability to vacate the stipulated dismissal under Rule 60(b)(6). *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381–82 (1994);[10] *Fairfax Countywide Citizens Ass'n v. Fairfax County, Va.*, 571 F.2d 1299, 1302–03 (4th Cir. 1978); *Aro Corp. v. Allied Witan Co.*, 531 F.2d 1368, 1371 (6th Cir. 1976).[11] Stipulated dismissals under Rule 41(a)(1)(A)(ii), like unilateral dismissals under Rule 41(a)(1)(A)(i), require no judicial action or approval and are effective automatically upon filing.[12]

---

[9] *See also McCall-Bey v. Franzen*, 777 F.2d 1178, 1190 (7th Cir. 1985); 8 JAMES MOORE ET AL, MOORE'S FEDERAL PRACTICE § 41.34[6][i], at 41–128 (3d ed. 2012) ("The court retains jurisdiction to vacate a stipulation of dismissal under Rule 60(b), enabling it to reopen the case."); O'CONNOR'S FEDERAL RULES * CIVIL TRIALS 2006 § 4.3, at 457 (M. Smith ed., 2006).

[10] ("Even when, as occurred here, the dismissal is pursuant to Rule 41(a)(1)(ii) (which does not by its terms empower a district court to attach conditions to the parties' stipulation of dismissal) we think the court is authorized to embody the settlement contract in its dismissal order (or, what has the same effect, retain jurisdiction over the settlement contract) if the parties agree."); *see also Keeling v. Sheet Metal Workers Int'l Ass'n, Local Union 162*, 937 F.2d 408, 410 (9th Cir. 1991) ("Repudiation of a settlement agreement that terminated litigation pending before a court constitutes an extraordinary circumstance, and it justifies vacating the court's prior dismissal order.").

[11] *abrogated in part on other grounds by Kokkonen*, 511 U.S. 375 (1994).

[12] *See United States v. City of Miami, Fla.*, 614 F.2d 1322, 1330 (5th Cir. 1980) (finding that the court has "no role" when parties enter a Rule 41(a)(1)(A)(ii) stipulated dismissal); *In*

No. 12-20520

Moreover, stipulated dismissals are also presumptively without prejudice,[13] and so these courts have impliedly determined that a voluntary dismissal without prejudice is a final proceeding subject to vacatur under Rule 60(b). Because stipulated dismissals are no more "final" than unilateral dismissals, nor do they require any more judicial intervention, it would be anomalous to call the former a "final proceeding" while insisting that the latter is not.

In contrast, the only circuit authority Lakewood has offered to support its contrary view is *Ajiwoju v. Cottrell*, an unpublished decision from the Eighth Circuit.[14] 245 F. App'x 563, 564 (8th Cir. 2007) (unpublished). In *Ajiwoju*, the court considered whether a plaintiff could use Rule 60(b) to vacate his previously filed Rule 41(a)(1) notice of voluntary dismissal *with prejudice*. Reasoning only that a voluntary dismissal under Rule 41 does not require judicial approval or a court order, the court concluded: "'there is no final order or judgment from which a party may seek relief under Rule 60(b),' and the district court thus lacks jurisdiction to grant a Rule 60(b) motion." *Id.* at 565.[15] This holding does not take

---

*re Wolf*, 842 F.2d 464, 466 (D.C. Cir. 1988) ("'Caselaw concerning stipulated dismissals under Rule 41(a)(1)(ii) is clear that the entry of such a stipulation of dismissal is effective automatically and does not require judicial approval.'" (quoting *Gardiner v. A.H. Robins Co., Inc.*, 747 F.2d 1180, 1189 (8th Cir. 1984))).

[13] Rule 41(a)(1)(B) provides that unless a stipulation of dismissal or first notice of dismissal states otherwise, the dismissal is without prejudice.

[14] Lakewood actually cites several additional circuit decisions to support its claim that "numerous other courts in other circuits have indicated that a district court does not have jurisdiction to vacate a Rule 41(a)(1)(A)(i) dismissal without prejudice." However, each of them is inapposite to the instant case. Specifically, *Netwig v. Georgia Pacific Corp.*, 375 F.3d 1009, 1010 (10th Cir. 2004), and *Marex Titanic, Inc. v. Wrecked and Abandoned Vessel*, 2 F.3d 544, 545 (4th Cir. 1993), interpreted Rule 41(a)(1) and held only that *another party* cannot intervene or use Rule 60(b) to interfere with a plaintiff's unconditional right to dismiss. *Thorp v. Scarne*, 599 F.2d 1169, 1176 (2d Cir. 1979), is also distinguishable because it stands only for the proposition that a plaintiff enjoys an absolute right to voluntarily dismiss his action under Rule 41(a)(1) until the defendant has served a formal answer or motion for summary judgment.

[15] (quoting *Scher v. Ashcroft*, 960 F.2d 1053, 1053 (8th Cir.1992) (unpublished)).

9

No. 12-20520

into account whether a voluntary dismissal could be a "proceeding" and is in conflict with every other circuit to have considered the same question.[16]

In light of the extensive circuit cases discussed above, we are satisfied that a Rule 41(a)(1)(A) voluntary dismissal without prejudice qualifies as a "final proceeding." Accordingly, Yesh Music's voluntary dismissal is subject to vacatur under Rule 60(b).

## B.

Lakewood next argues that even if the district court did have jurisdiction to vacate Yesh Music's dismissal under Rule 60(b), the district court nevertheless abused its discretion.

The district court vacated Yesh Music's dismissal under Rule 60(b)(6). While Rule 60(b)(1–5) empowers the district court to grant relief because of a mistake, surprise, newly discovered evidence, fraud, or a void or discharged judgment, 60(b)(6) permits vacatur for "any other reason that justifies relief." We have stated that "Rule 60(b)(6) is a grand reservoir of equitable power to do justice in a particular case. *Batts v. Tow-Motor Forklift Co.*, 66 F.3d 743, 747 (5th Cir. 1995) (citation omitted). However, "we have also narrowly circumscribed its availability, holding that Rule 60(b)(6) relief 'will be granted only if extraordinary circumstances are present.'" *Id.* (citation omitted). Accordingly, Rule 60(b)(6) requires a showing of "manifest injustice" and will not be used to relieve a party from the "free, calculated, and deliberate choices he has made." *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350 (5th Cir. 1993).

---

[16] Specifically, at least three circuits have found that voluntary dismissals with prejudice are final proceedings for purposes of Rule 60(b). *See Randall v. Merrill Lynch*, 820 F.2d 1317, 1320 (D.C. Cir. 1987); *Warfield v. AlliedSignal TBS Holdings, Inc.*, 267 F.3d 538, 541–42 (6th Cir. 2001); *Schmier v. McDonald's LLC*, 569 F.3d 1240, 1242 (10th Cir. 2009).

No. 12-20520

Lakewood asserts that the only purpose of Yesh Music's Rule 60(b) motion is to seek relief from its two strategic choices to voluntarily dismiss its complaint, once in Texas and once in New York. As Lakewood points out, the well-known legal consequence of two voluntary dismissals is an inability to re-file the complaint. *See* Rule 41(a)(1)(B). Therefore, it is an abuse of discretion to use Rule 60(b)(6) to allow Yesh Music to avoid the consequences of its actions and reactivate its claim.

While Lakewood is correct that Rule 60(b)(6) should not be used to undo the damage done by a poor strategic decision, it ignores the primary reason the district court granted Yesh Music's motion: the parties reached an agreement in open court, on the record, that the action would be dismissed in New York and reinstated in Texas. As the district court explained,

> Plaintiffs operated with the understanding that this case would proceed in the Southern District of Texas. Surely, Plaintiffs' choice to dismiss the original lawsuit was voluntary, affirmative, and tactical. Plaintiffs' dilemma is unique, however, in that the parties concluded that the action would proceed in Texas, albeit without determining the precise procedural mechanism for doing so. As the parties had come to this agreement, it is appropriate to vacate the voluntary dismissal pursuant to Rule 60(b)(6), as failing to do so would cause a manifest injustice.

The district court did not abuse its discretion in concluding that it would have been unfair to permit Lakewood to agree to reinstatement of the case in Texas, and then allow it to renege on its agreement because of the procedural path taken. While Lakewood insists that Yesh Music's voluntary dismissal was a hasty attempt to avoid an award of duplicative action attorneys' fees in New York, this contention is unpersuasive in light of the well-settled law that voluntary dismissals do not deprive courts of the jurisdiction to award attorneys'

No. 12-20520

fees.[17] Moreover, the Texas court has allayed any such concerns by awarding Lakewood attorneys' fees for the duplication of efforts resulting from Yesh Music's consecutive suits. Lakewood has therefore offered no substantial reason for allowing it to escape its court-sanctioned agreement, and the district court did not abuse its discretion by granting Yesh Music's Rule 60(b) motion.

## IV.

For the reasons stated above, the judgment of the district court is AFFIRMED.

---

[17] *See, e.g., Cooter & Gell v. Hartmarkx Corp.*, 496 U.S. 384 (1990) (district court may award Rule 11 attorneys' fees even if the plaintiff voluntarily dismisses the action under Rule 41).

No. 12-20520

E. GRADY JOLLY, Circuit Judge, dissenting:

The majority preserves this litigation in spite of Yesh Music's voluntary and tactical decisionmaking—first filed in Texas, dismissed, refiled in New York, dismissed, and then back to Texas, reopened, and then this appeal from the first Texas voluntary dismissal. The case was dismissed *with prejudice* in New York. In order to preserve the litigation, the majority is forced to adopt a distorted interpretation of Federal Rule of Civil Procedure 60(b) and its jurisdictional scope. The majority is further forced to acknowledge that the first Rule 41(a)(1)(A)(i) notice of voluntary dismissal—importantly, the *only* notice of dismissal at issue in this appeal—was not a final appealable judgment or order. The majority is not deterred, however. It seizes on the most enigmatic of Rule 60(b) "final" categories—"proceeding"—and concludes that a proceeding can occur when nothing occurred, and calls it "final" when the same claim is filed the very next day in the New York court. Some proceeding. Some finality. It is legal legerdemain at its most twisted to define the unilateral placing of a sheet of paper in a court file, without any proceeding ever occurring, without permission or knowledge of the court, without notice to the other parties, without a stated reason to anyone, and without formality of any kind, as a judicial "proceeding." Nor does it seem to matter to the majority that concerns of equity in the instant case do not justify adopting such a protean interpretation of Rule 60(b); in short, Yesh Music's conduct does not warrant the extraordinary remedy of Rule 60(b)(6). I respectfully dissent.

## I.

A proper analysis of this appeal begins with the indisputable premise: This case arose only *after* the plaintiff, Yesh Music, unilaterally and voluntarily filed a second notice of dismissal of this case in the New York court pursuant to Rule 41(a)(1)(A)(i), resulting in the entire lawsuit's dismissal with prejudice

No. 12-20520

under Rule 41(a)(1)(B).[1] No other case has addressed a similar factual circumstance: a plaintiff voluntarily dismisses its case with prejudice, but then attempts to overcome this legal consequence by reopening the same case, earlier voluntarily dismissed, but in a different federal district court from the court where the prejudicial dismissal occurred. None of the cases cited by the majority are remotely comparable to the situation we have before us. Yet the majority applies an "equitable" remedy by shifting the consequences of Yesh Music's legal blunder to Lakewood's shoulders.

This appeal falls within the application of the rule established by the Supreme Court in 1950 that, "The broad power granted by [Rule 60(b)](6) is not for the purpose of relieving a party from *free, calculated, and deliberate choices* he has made." *In re Pettle*, 410 F.3d 189, 192 (5th Cir. 2005) (alteration in original) (emphasis added) (quoting *Edward H. Bohlin Co. v. Banning*, 6 F.3d 350, 356-57 (5th Cir. 1993)); *see also Ackermann v. United States*, 340 U.S. 193, 198 (1950). Or, stated differently, "Where a party makes a considered choice . . . he 'cannot be relieved of such a choice [under Rule 60(b)] because hindsight seems to indicate to him' that, as it turns out his decision was 'probably wrong.'" *In re Pettle*, 410 F.3d at 193 (alteration in original) (quoting *Paul Revere Variable Annuity Ins. Co. v. Zang*, 248 F.3d 1, 6 (1st Cir. 2001) (quoting *Ackermann*)). Rule 60(b)(6) "is considered an extraordinary remedy," applied "to do justice in a particular case." *Id.* at 191; *Batts v. Tow-Motor Forklift Co.*, 66 F.3d 743, 747 (5th Cir. 1995) (citation omitted).

Consistent with this rule, "[a] party remains under a duty to take legal steps to protect his own interests." *Edward H. Bohlin*, 6 F.3d at 357. And,

---

[1] Notably, a dismissal *with prejudice* is an adjudication on the merits operating as a *final judgment*. Whether the second voluntary notice of dismissal resulted in a final judgment before the New York federal district court is not before us. But there clearly is no final judgment or order associated with Yesh Music's first Rule 41(a)(1)(A)(i) dismissal without prejudice.

14

No. 12-20520

experiencing a moment of judgment, Yesh Music did indeed file a letter in New York district court asking the proper method for restarting its case—for what would effectively be the third time—in the Texas district court pursuant to the agreement made before Judge Ellison in Texas. Yesh Music's letter stated, "Plaintiff seeks guidance from the Court on whether simply voluntarily dismissing this matter pursuant to Fed.R.Civ.P. 41(a)(1)(A)(i) is the preferred way for this Court to proceed."[2] Yesh Music, however, was unwilling to await the New York court's response. Yesh Music made an uninformed quick decision—a "free, calculated, and deliberate choice[]"—to file its second Rule 41(a)(1)(A)(i) notice of dismissal in the New York civil action.[3] The New York case was thus voluntarily dismissed *with prejudice*, through operation of Rule 41(a)(1)(B). *Edward H. Bohlin*, 6 F.3d at 357.

And—as the Texas district court noted in its order granting Rule 60(b)(6) relief—immediately after Yesh Music's voluntary dismissal in New York, Lakewood "wrote a [second] letter to [the Texas district court] accusing [Yesh Music] of dismissing the New York Action in order to prevent [the New York court] from awarding attorneys' fees." The district court itself described Yesh Music's actions as "an [apparent] attempt to dodge an award of attorneys' fees," and noted that Yesh Music "voluntarily dismissed the New York Action without consulting either court on the correct procedure for proceeding with this case in the Southern District of Texas." Furthermore, the district court expressly stated

---

[2] It is noteworthy that Yesh Music misrepresented the settlement to the New York district court by stating one of the terms as, "The parties will, of course, bear their own fees in the Texas action." Lakewood then submitted a letter to the New York district court two days later noting that, "Defendants' counsel in the Texas Action . . . has advised that [Plaintiffs' letter's] recitation of the April 2 hearing in Texas is somewhat inaccurate."

[3] The timing of the second notice of dismissal also demonstrates the strategy underlying Yesh Music's actions; the notice of dismissal was filed *on the same day* that Lakewood submitted its letter to the New York court, calling attention to Yesh Music's mischaracterization of the parties' agreement.

15

No. 12-20520

that, "Plaintiffs' choice to dismiss the original lawsuit [the Texas complaint] was voluntary, affirmative, and tactical," and that Yesh Music "failed to hold up their part of the bargain [made in open court] with [Lakewood]: specifically, to permit the New York court to rule on the issue of attorneys' fees."

Opting to act before the New York district court responded to its letter; failing to ask the Texas district court the proper procedure for transferring the case back to Texas; and failing to research the preclusive effect that a second Rule 41(a)(1)(A)(i) voluntary dismissal would have on its case through operation of Rule 41(a)(1)(B), Yesh Music affirmatively and deliberately caused its own harm. The question then is, how does this case present "unique circumstances that cry out for" equitable relief. *Edward H. Bohlin*, 6 F.3d at 357. The majority largely ignores the unclean hands of Yesh Music.

## II.

I next turn to the error of the majority in forcing and squeezing this case into Rule 60(b)'s jurisdictional scope. The text of Rule 60(b) restricts jurisdiction expressly to relief from a "final judgment, order, or proceeding." Because Yesh Music's first voluntary notice of dismissal—the *only* dismissal before us in this appeal—satisfies none of the limited jurisdictional bases, the district court acted in the absence of jurisdiction in granting Rule 60(b)(6) relief.

As an initial matter, we expressly stated in *Harvey Specialty & Supply, Inc. v. Anson Flowline Equipment Inc.*, 434 F.3d 320 (5th Cir. 2005), that, "Ultimately, a Rule 41(a)(1) dismissal is not a 'final judgment.'" *Id.* at 324. And, because district courts are not permitted to take any action after the filing of the first notice of voluntary dismissal under Rule 41(a)(1)(A)(i), *see Qureshi v. United States*, 600 F.3d 523, 525 (5th Cir. 2010), such a filing also cannot be a "final order." Thus with respect to whether we are presented with a "final judgment" or "final order," I am in agreement with the majority—we are not.

No. 12-20520

All that now remains of Rule 60(b) to examine is the phrase "final proceeding." First, a voluntary dismissal filed by one party, before an answer is filed, which does not operate in any capacity as an adjudication on the merits, cannot be a "final" proceeding when the same case may be filed again at any time the plaintiff wishes. *See* 12 JAMES MOORE ET AL, MOORE'S FEDERAL PRACTICE § 60.23, at 60–82 (3d ed. 2012) (noting that "final" is generally defined in terms of whether the judgment was sufficiently final so as to be appealable, with certain exceptions for consent decrees and Rule 68 judgments); *see also* 11 WRIGHT, MILLER & KANE, FEDERAL PRACTICE & PROCEDURE §§ 2851-2852, at 285–99, § 2864, at 485–86 (3d ed. 2012).  Following the first Rule 41(a)(1)(A)(i) voluntary dismissal without prejudice, "the plaintiff is free to return to the dismissing court or other courts at a later date with the same claim." *Harvey*, 434 F.3d at 324.

Yesh Music's only recourse for a second attempt to stay in court was to refile its civil action.  Yesh Music immediately did so in New York district court and thus exhausted its only recourse for "reopening" this dismissal of its complaint.  As such, our reasoning in *Harvey* applies with equal force in this case.  *Id.*  "Finality" for purposes of Rule 60(b) occurs when a case is resolved in some fashion on the merits through, for example, a dismissal with prejudice, a final judgment, or a settlement agreement.  *See* A DICTIONARY OF MODERN LEGAL USAGE 358 (2d ed. 1995) (although "final" is open to varying constructions, "in almost all situations it is entirely clear, either from the nature of the order or from a crystallized body of decisions, that a particular order is or is not final" (citation omitted)).  A second Rule 41(a)(1)(A)(i) voluntary dismissal therefore is entirely distinguishable from a first voluntary dismissal; Rule 41(a)(1)(B) renders the second dismissal an adjudication on the merits.  This appeal however, appeals only the first voluntary dismissal, and there is thus no need to express an opinion as to whether the New York district court might well

No. 12-20520

retain jurisdiction to reopen the second dismissal that operates as a final judgment. Filing a sheet of paper may constitute a judgment or order under Rule 60(b), but a piece of paper is not a proceeding in the federal district court. And no distortion of the word can make it so.

Second, the cases cited by the majority that have attempted to extend Rule 60(b) to find jurisdiction do not attempt to explain how unilaterally filing a paper is a "proceeding", much less a "final" one. There is, as I continue to point out, by definition no proceeding or judicial consequence attending the filing of a first Rule 41(a)(1)(A)(i) voluntary dismissal. *Am. Cyanamid Co. v. McGhee*, 317 F.2d 295 (5th Cir. 1963); *see also Qureshi*, 600 F.3d at 525 (quoting *American Cyanamid* on Rule 41(a)(1)(A)(i), and stating that "in the normal course, the district court is divested of jurisdiction over the case by the filing of the notice of dismissal itself"). To say the plaintiff "filed a proceeding" makes sense to no one except, apparently, the majority. To conclude that the first Rule 41(a)(1)(A)(i) filing is a "proceeding," is to seize upon the more indefinite term of Rule 60(b), to reshape and mold it for clearly unintended purposes, and thus to override and avoid the other Rule 60(b) applicable categories of "judgment" and "order." If placing a single sheet of paper in a court file satisfies the "proceeding" requirement, then Rule 60(b) jurisdiction may well be created to fit various filings that could be distorted as a final proceeding—such as a pleading, motion, etc., that purports to conclude finally an issue or segment of a case. Of course, such an application of Rule 60(b) is untethered to legal or common sense reasoning.

Although the debate here primarily focuses on the word "proceeding," we cannot ignore that the legal term at issue is *"final* proceeding." Both in terms of language and spirit, it should be clear that Rule 60(b) allows courts to reopen cases only following an action that has resulted in finality. Rule 60(b)(6) exists as a discretionary equitable avenue for occasions when there is no other remedy

18

No. 12-20520

from finality of court action. That is not the case here. Indeed, what more evidence would one demand for a showing of non-finality here than the fact that Yesh Music filed a nearly identical case in New York district court the next day. Consequently, the Texas district court had no jurisdiction, under any rule, statute, or case to reopen this case under Rule 60(b) based, as it is, on the non-final Texas voluntary dismissal.

## III.

It is now time to address the most significant cases cited by the majority in support of its holding. First, none of the cases primarily relied on are from this circuit. Second, only two of the cases actually involve a Rule 41(a)(1)(A)(i) voluntary dismissal. And third, with respect to those two cases, the courts' application of Rule 60(b) relief is perfunctory and, consequently, entirely unpersuasive.

Both the Third Circuit, in *Williams v. Frey*, 551 F.2d 932 (3d Cir. 1977), and the Seventh Circuit, in *Nelson v. Napolitano*, 657 F.3d 586 (7th Cir. 2011), disregard the text of Rule 60(b), resorting instead to conclusory statements without reasoned analysis. *Williams* contains no discussion of "final proceeding," stating only, and without further explanation, that, "The dismissal of the suit was, in our view, a proceeding, and it was clearly final." 551 F.2d at 935. *Nelson* addresses jurisdiction over collateral issues following a Rule 41(a)(1) dismissal, but the court makes no mention of "final proceeding." 657 F.3d at 588-89. Because the government conceded Rule 60(b) jurisdiction, *Nelson*'s conclusion was merely that the court "agree[d] that there may be instances where a district court may grant relief under Rule 60(b) to a plaintiff who has voluntarily dismissed the action." *Id.* at 589. *Nelson* thus offers no interpretation of Rule 60(b)'s jurisdictional scope, in particular given the court's apparently mistaken view that there was an appealable final judgment before it with respect to a first Rule 41(a)(1)(A)(i) voluntary dismissal without

19

prejudice. *See id.* Our precedent, however, prevents us from making the same mistake. *See American Cyanamid*, 317 F.2d at 297.

Moreover, both *Williams* and *Nelson* were guided by their circuits' prior precedent—and the desire to do equity. In *Williams*, the inmates and prison officials had entered a judicially approved "Stipulation" on visitation privileges, effectively settling the case on the merits and dismissing it "(p)ursuant to Rule 41(a)(1)." 551 F.2d at 933. To the point, there was *judicial action* in *Williams*, at least giving more meaning to the term "proceeding." Later, the court became further involved. Prison officials petitioned the court to modify the Stipulation, citing severe administrative problems, and the parties agreed to have the court treat the Stipulation as a consent decree. *Id.* The district court refused to do so because it was concerned about its jurisdiction since the underlying lawsuit had been dismissed under Rule 41(a)(1). The Third Circuit, however, "conclude[d] that the [district] court had the power to consider the petition to *modify the agreement* to dismiss the suit." *Id.* at 934 (emphasis added). In short, the dismissal was done through the agreement reached by the parties. Unlike *Williams*, Yesh Music unilaterally, and without either Lakewood's or the court's agreement, or consent, dismissed the Texas civil action—the only dismissal that is at issue in this appeal. Again, we are not presented with whether the New York district court would have jurisdiction to reopen its case (or whether it would be equitable for that court to do so in the light of the facts presented).

Furthermore, *Nelson* provides no authority or analysis for what the majority seeks to do here. Both the Seventh Circuit and the government concluded that they were bound by prior precedent. 657 F.3d at 589. In *McCall-Bey v. Franzen*, the court had previously stated that, "An unconditional dismissal terminates federal jurisdiction except for the limited purpose of reopening and setting aside *the judgment of dismissal* within the scope allowed by Rule 60(b)." 777 F.2d 1178, 1190 (7th Cir. 1985) (emphasis added). Based on

No. 12-20520

*McCall-Bey*, the government expressly conceded "that a district court retains jurisdiction to consider a Rule 60(b) motion following a voluntary dismissal." *Nelson*, 657 F.3d at 589. As support for its concession of Rule 60(b) jurisdiction, the government posited the situation where "a defendant fak[ed] his own death with a fraudulent death certificate in order to induce a plaintiff to voluntarily dismiss." *Id.* Thus, in *Nelson*, the issue of Rule 60(b) jurisdiction was uncontested. We are certainly not presented with a similar situation in the instant case: Lakewood has not conceded the issue, we have never held that jurisdiction exists for reopening a voluntary dismissal without prejudice, and equity does not favor Yesh Music as it does in the *Nelson* hypothetical—a hypothetical based on fraud in the inducement to file a voluntary dismissal.[4]

## IV.

In closing, there is no legal analysis that supports a fit between this case and Rule 60(b)(6). In the first instance, the district court simply had no jurisdiction to enter Rule 60(b) relief without a "final judgment, order, or proceeding," operating as an adjudication on the merits. Moreover, if we assume that jurisdiction existed, the district court abused its discretion in granting Rule 60(b)(6) relief—a form of equity—to forum-manipulating plaintiffs whose self-induced error was failing to read the Federal Rules of Civil Procedure. There are no equity concerns here. Indeed, the district court expressly acknowledged Yesh Music's attempted manipulation. The facts underlying this case do not present the "extraordinary circumstances" warranting equitable relief pursuant to Rule 60(b)(6). Based on an unsupportable interpretation of Rule 60(b) jurisdiction—and despite the undisputed fact that this case is before us solely

---

[4] The remaining cases cited by the majority are all factually and procedurally distinguishable from the instant case. The additional cases generally either: (1) involve stipulated dismissals, *see Smith v. Phillips*, 881 F.2d 902 (10th Cir. 1989); or (2) address voluntary dismissals that operated as an adjudication on the merits, *see In re Hunter*, 66 F.3d 1002 (9th Cir. 1995).

No. 12-20520

because of Yesh Music's bungled litigation strategy—the majority provides Yesh Music its third effort to launch the same case off the ground, and does so with no underlying legal or equitable bases.  I respectfully dissent.